IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN JAMES LAVERDURE,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN, WARDEN MONTANA STATE PRISON; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 24-137-M-BMM<br><br>ORDER |

Pending before the Court is an amended petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by state pro se petitioner John James Laverdure ("Laverdure"). (Doc. 5.) This Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). As explained herein, the claims contained in the petition are not cognizable; the matter will be dismissed.

**I.   Background**

In December of 2021, following a guilty plea in Montana's First Judicial District, Lewis and Clark County, Laverdure was sentenced to 10-years in

Montana State Prison for robbery. (Doc. 5 at 2-3.) Laverdure failed to file a direct appeal. Laverdure later filed two original proceedings in the Montana Supreme Court—a writ of mandamus and a petition for habeas corpus relief. *See e.g.*, (*Id*. at 3-4.) Laverdure did not seek any other form of state postconviction or collateral relief. (Doc. 5 at 3-4.)

In his writ of mandamus, Laverdure alleged that "the judges of every state and the constitution and the laws of each state must comply with the ministerial act of 'indictment by grand jury.'" The Montana Supreme Court dismissed the matter on the basis that Laverdure's petition was improperly filed. *See*, *Laverdure v. State*, Cause No. OP 23-0723, Ord. (Mont. Jan. 2, 2024). In his state habeas petition, Laverdure claimed he was not properly prosecuted, and that the State of Montana violated his Fifth Amendment right by charging him via an information and not through a grand jury indictment. The Montana Supreme Court rejected the claim on the basis that the federal law concerning grand juries does not apply to the states. *Laverdure v. State*, Cause No. OP 24-0047, Ord. at * 1 (Mont. Feb. 20, 2024). Further, the Montana Supreme Court concluded that Montana state law prevented Laverdure from challenging his conviction via a petition for writ of habeas corpus. *Id*. at *2.

The Montana Supreme Court noted in both matters that the handwriting on Laverdure's filings had been prepared by inmate Tracey R. Godfrey, who is

precluded from filing with the Court without first obtaining prior leave. *See*, *Laverdure v. State*, Cause No. OP 24-0047, Ord. at *1, f.n. 1. Similarly, this Court recognizes that Laverdure's initial filing, his amended petition, and brief in support all have been prepared by Godfrey, with whom this Court is also familiar.[1]

In the instant petition, Laverdure asks this Court to dismiss his underlying state conviction for lack of jurisdiction. (Doc. 5 at 7.) Laverdure argues that being prosecuted by Information violates the "Supreme Law" of the federal constitution when the Fifth Amendment guarantees an indictment by grand jury. (*Id*. at 4.) Laverdure also argues that he is not relying upon the Fourteenth Amendment or any other "meritless defense" that this Court referenced in its Order of October 2, 2024. (*Id*. at 5.)

---

[1] *See Godfrey v. Kirkegard*, CV 14-27-M-DLC (D. Mont. May 5, 2014) (habeas petition dismissed on the merits); *Godfrey v. Kirkegard*, CV 14-164-M-DLC (D. Mont. June 12, 2014) (habeas petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, CV 14-190-M-DLC (D. Mont. June 20, 2014) (habeas petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (habeas petition dismissed); *Godfrey v. Guyer*, CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-19-86-M-DLC (D. Mont. May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, CV-20-20-M-DLC (D. Mont. March 5, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Salmonsen*, CV-20-114-M-DWM (D. Mont. Aug. 6, 2020) (dismissed for lack of jurisdiction; *Godfrey v. Salmonsen,* CV-20-122-M-DWM (D. Mont. Aug. 20. 2020) (Rule 60 motion denied); *Godfrey v. Montana Supreme Court*, CV-22-120-M-DLC, Or. (D. Mont. July 13, 2022) (petition for writ of supervisory control dismissed); In re: Tracey Godfrey; Cause No. CV 24-40-M-DLC (D. Mont. April 8, 2024) (petition dismissed; certificate of appealability denied).

**Analysis**

As a preliminary matter, it appears that the claims contained in Laverdure's petition are both untimely and procedurally defaulted. A court generally will not hear such claims unless a petitioner can excuse his non-compliance. This Court is empowered to bypass a procedural issue in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (noting that, in the interest of judicial economy, courts may proceed to the merits in the face of procedural issues). As explained herein, however, Laverdure fails to state a claim upon which relief may be granted. The petition will be denied.

Laverdure contends that the way the State of Montana conducted its criminal prosecution of him violated his right to a grand jury. The Fifth Amendment Grand Jury Clause, which guarantees indictment by grand jury in federal prosecutions, was not incorporated by the Fourteenth Amendment to apply to the states. *See Branzburg v. Hayes*, 408 U.S. 665, 687-88 n. 25 (1972) (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *Hurtado v. California*, 110 U.S. 516, 535 (1884) (holding that the Fourteenth Amendment did not incorporate the Fifth Amendment right to a grand jury); *see also Rose v. Mitchell*, 443 U.S. 545, 557 n.

7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). Laverdure is mistaken in his belief that he was constitutionally entitled to indictment by a grand jury and that his constitutional rights were violated when he was prosecuted via information. This Court consistently has rejected such a claim as frivolous and wholly lacking in substantive merit. *See e.g.*, (Doc. 4 at 2-3.)

The Montana Supreme Court explained to Laverdure that the state district court acted pursuant to the state's statutory scheme for initiating felony prosecution. An information represents one of the four methods allowed after leave of court has been granted. *Laverdure v. State*, Cause No. OP 24-0047, Ord. * 1 (*citing State v. Montgomery*, 2015 MT 151, ¶ 11, 379 Mont. 353, 350 P. 3d 77). To the extent that Laverdure believes the Montana Supreme Court misinterpreted and/or misapplied state law, the claim is not cognizable. The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Laverdure has not demonstrated that the Montana Supreme Court erred in its application of the statutes providing methods for criminal prosecution. But even if he could do so, the claim does not warrant relief. A violation of state law, without more, does not deprive a petitioner of a federal constitutional right. *Cooks v. Spalding*, 660 F. 2d 738, 739 (9th Cir. 1981), *cert. denied*, 455 U.S 1026 (1982). It has long been understood that a state may violate its own law without violating the United States Constitution. *Gryger v. Burke*, 334 U.S. 728, 731 (1948) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question."). To qualify for federal habeas relief, an error of state law must be "sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment." *See Pully v. Harris*, 465 U.S. 37, 41 (1984).

Laverdure has not shown that any state law violation occurred, much less that such error was "so arbitrary and fundamentally unfair" that it violated his right to due process or equal protection. *See, Jammal v. Van de Kamp*, 926 F. 2d 918, 920 (9th Cir. 1991) (quotation omitted). In short, the claim as pled is not cognizable in federal habeas.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because Laverdure's claims are not cognizable and lack merit, reasonable jurists would find no basis to encourage further proceedings at this juncture. There are no close questions and there is no reason to encourage additional proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Laverdure's Amended Petition (Doc. 5) is DENIED and DISMISSED with prejudice.

2. The Clerk of Court is directed to enter judgment by separate document in favor of Respondents.

3. A certificate of appealability is DENIED.

DATED this 17th day of October, 2024.

_____
Brian Morris, Chief District Judge
United States District Court